IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JESSICA IRENE STOCUM-LIPPA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00070-O-BP |
| | § | |
| **FORT WORTH POLICE** | § | |
| **DEPARTMENT,** | § | |
| | § | |
| Defendant. | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Complaint, ECF No. 1, filed by Plaintiff Jessica Irene Stocum-Lippa ("Stocum-Lippa") on January 28, 2020. This case was automatically referred to the undersigned pursuant to Special Order 3 on that same date. ECF No. 5. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and **DENY** as **MOOT** Plaintiff's Motion to Appoint Counsel, ECF No. 4.

This is a personal injury action filed by Plaintiff against the Fort Worth Police Department ("FWPD"). In her Complaint, Stocum-Lippa alleges that the FWPD threw her out of her house "to become homeless on the streets since 1/16/19." ECF No. 1 at 1. She alleges further that she "later came to find out why I was here which involved the United States of America, the State of Texas, and the Fort Worth PD, to become a CIA mans [sic] wife and they will not release me to anyone other than Fransisco Rodriguez." *Id.* She concludes the Complaint by stating, "Please keep Franky away from me! Being held against my will!" *Id.* Plaintiff does not identify any jurisdictional basis for her claims and asserts that her cause of action is "harassing

me to be a CIA man's wife!" *Id.* at 2. She does not identify any remedy that she seeks. No process has been issued in this case.

Under Title 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32.  Plaintiff's allegations fall within this doctrine.  *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because of this recommendation, Plaintiff's Motion to Appoint Counsel, ECF No. 4, should be **DENIED as MOOT**.

A copy of this Amended Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Amended Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed **April 9, 2020.**

                                        Hal R. Ray, Jr.
                                        UNITED STATES MAGISTRATE JUDGE